UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Solomon Zwiebel, | Civil Action No.: _____ **13 CV 6083** |
| Plaintiff, | |
| v. | |
| Asset Acceptance, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Solomon Zwiebel, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.  The Plaintiff, Solomon Zwiebel ("Plaintiff"), is an adult individual residing in Monroe, New York, and is a "person" as defined by 47 U.S.C. § 153(10).

5.  The Defendant, Asset Acceptance, LLC ("Asset"), is a Michigan business entity with an address of 28405 Van Dyke Avenue, Warren, Michigan 48093, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Asset and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Asset called Plaintiff on his cellular telephone in an attempt to collect a debt allegedly owed by Plaintiff's wife (the "Debtor") to a creditor (the "Creditor").

9. At all times mentioned herein, Asset called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

10. When Plaintiff answered the calls from Asset, he heard a prerecorded message delivered by Asset. The prerecorded message indicated that Asset was attempting to reach the Debtor.

11. Plaintiff never provided his cellular telephone number to Asset and never provided his consent to Asset to be contacted on his cellular telephone.

12. The Debtor never provided Plaintiff's cellular telephone number to the Creditor and never provided consent to the Creditor to place calls to Plaintiff's cellular telephone.

13. The telephone number called by Asset was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. The calls from Asset to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.***

15.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.  Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17.  Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.  As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.  The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

20.  The Plaintiff is entitled to damages as a result of the Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

> A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 23, 2013

Respectfully submitted,

By: _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff